IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00213-MR-WCM

| | |
|---|---|
| MYRON WAYNE BODTKER )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WAL-MART, INC. )<br>)<br>Defendant. )<br>_____ ) | MEMORANDUM AND<br>RECOMMENDATION |

This matter is before the Court on Defendant's Partial Motion to Dismiss Plaintiff's Complaint (the "Motion to Dismiss," Doc. 15), which has been referred to the undersigned pursuant to 28 U.S.C. §636 for the entry of a recommendation.

I. Procedural Background

On August 9, 2021, Myron Wayne Bodtker ("Plaintiff") filed his complaint against Wal-Mart, Inc. ("Defendant"). Doc. 1.

On March 15, 2022, Defendant filed the instant Motion to Dismiss along with a supporting memorandum and an Answer. Docs. 15, 15-1, 16.

Plaintiff has responded to the Motion to Dismiss and Defendant has replied. Docs. 21, 24.[1]

---

[1] Plaintiff subsequently filed a document titled "Plaintiff's Response to Defendant's Reply in Further Support of its Partial Motion to Dismiss Plaintiff's Complaint,"

1

## II. Plaintiff's Allegations

Plaintiff works at Wal-Mart Store 1242 located in Hendersonville, North Carolina. Doc. 1 at 5.

Governor Roy Cooper signed an executive order, which took effect on July 1, 2020, that required face coverings in retail stores (the "Executive Order"). Id. The day before the Executive Order was scheduled to take effect, Plaintiff submitted a request for a religious exemption to the face covering requirement to the general manager of Defendant's store. Plaintiff also submitted a similar request to the "Wal Mart Ethics Hotline." Id.

"Wal Mart legal repeatedly denied the plaintiff's claim of religious exemption." Id.

On or before August 12, 2020, Plaintiff filed a charge of religious discrimination ("Charge #1") with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a dismissal and notice of rights letter for Charge #1 on June 2, 2021. Id.

On or about June 16, 2021, Plaintiff filed another "related" charge with the EEOC ("Charge #2"). Id.

Plaintiff later received a determination and notice of rights letter, dated February 3, 2022, for Charge #2. See Doc. 19.

---

which the undersigned construes as a surreply, Doc. 26. Defendant has moved to strike Plaintiff's surreply and that request is being granted by separate order.

Plaintiff alleges that Defendant refused to recognize his religious exemption to the face covering mandate and forced Plaintiff "to wear a mask or leave." Doc. 1 at 6. Plaintiff also alleges that Defendant discriminated against him "for claiming a religious exemption to Covid 19 vaccination under N.C.G.S. 130A-157 by requiring ONLY the unvaccinated to wear face covering[s] and offering vaccinated employees ONLY a $75 bonus." Id. (emphasis in Complaint).

Plaintiff asserts claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) ("Title VII"), North Carolina General Statute § 130A-157 ("N.C.G.S. § 130A-157"), and the Constitutions of the United States and North Carolina. Doc. 1.

### III. Legal Standards

#### A. Rule 12(b)(6)

When considering a motion made pursuant to Rule 12(b)(6), the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009).

The court, however, is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 255; see Giacomelli, 588 F.3d

at 192. That is, while "detailed factual allegations" are not required, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); accord Consumeraffairs.com, 591 F.3d at 255. In short, the well-pled factual allegations must move a plaintiff's claim from conceivable to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

### B. *Pro Se* Filings

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (internal citation omitted). At the same time, the court is not required to accept a *pro se* plaintiff's contentions as true, Denton v. Hernandez, 504 U.S. 25, 32, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), cannot ignore a clear failure to allege facts which set forth a cognizable claim, and does not act as a *pro se* plaintiff's advocate or develop claims that a plaintiff fails to raise. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district

4

court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed."); Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (district courts are not expected to assume the role of advocate for the *pro se* plaintiff).

IV. Discussion

A. Title VII Claim

When Plaintiff filed his Complaint, he had not yet received a right to sue letter for Charge #2. See Doc. 1-1. Defendant, therefore, moved to dismiss Plaintiff's Title VII claim for failure to exhaust the administrative remedies, to the extent the Title VII claim was based on the allegations in Charge #2. Doc. 15-1.[2]

Plaintiff subsequently received a right to sue letter for Charge #2, and filed a copy with the clerk. Doc. 19.

In its reply, Defendant states that it "therefore withdraws its Motion to dismiss Plaintiff's Title VII claim to the extent it is premised on his second EEOC Charge." Doc. 24 at 1.

---

[2] Defendant did not move to dismiss Plaintiff's Title VII claim to the extent such claim was based on Charge #1.

5

### B. Claims under the United States Constitution

Plaintiff has alleged claims under the 9th Amendment and the 13th Amendment to the United States Constitution.

Defendant argues that these claims fail as a matter of law because the United States Constitution does not provide for a private cause of action. Doc. 15-1 at 5. Plaintiff responds that he did not specify how Defendant violated the Constitution because he "considered it to be self-evident from the fact that he is suing under Title VII for religious discrimination." Doc. 21 at 1. Further, "Plaintiff asserts that the 1964 Civil Rights Act provides the Plaintiff a private cause of action before the court on constitutional grounds, because Title VII concerns self-evidently and uniquely, personal attributes that are also protected…." Doc. 21 at 2.

The undersigned agrees with Defendant that Plaintiff's federal constitutional claims should be dismissed.

Plaintiff has provided no authorities indicating that alleged violations of the 9th and 13th amendments support a civil rights claim. See Wohlford v. U.S. Dep't of Agriculture, 842 F.2d 1293, 1293 (4th Cir. 1988) ("[T]he Ninth Amendment creates no constitutional rights."); Wesley v. Charlotte-Mecklenburg Cty. Police Dep't., 3:19-cv-425-FDW-DCK, 2021 WL 1971499, at *5 (W.D.N.C. May 17, 2021) ("[T]he ninth amendment has never been recognized as independently securing any constitutional right, for purposes of

6

pursuing a civil rights claim.") (quoting Strandberg v. City of Helena, 791 F.2d 744, 748 (9th Cir. 1986)); Brown v. Winman, No. 5:15–CV–59–BO, 2015 WL 5837471, at *3 (E.D.N.C. Oct. 6, 2015) ("The Thirteenth Amendment . . . does not create a private right of action upon which recovery may be obtained. See, e.g. Nattah v. Bush, 770 F.Supp.2d 193, 204–05 (D.D.C.2011). It instead reserves to Congress the task of enforcing the prohibition on slavery through appropriate legislation. U.S. Const. amend. XIII, § 2.").

Further, to the extent Plaintiff is attempting to seek redress for the alleged constitutional violations pursuant to Section 1983, Plaintiff has not adequately identified any state action.

To state a claim under Section 1983, plaintiffs "must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." American Manufacturers Mutual Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999). The "under color of state law" element cannot be satisfied by "merely private conduct, no matter how discriminatory or wrongful." Id. (internal quotation omitted). Further, "private activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it to state action." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 616 (4th Cir. 2009).

Here, Plaintiff argues that "[r]egardless of quoted legal precedents," the government's "Covid 19 actions" were so "all pervading, so over-reaching that the state so dominated such activity as to convert private actions regarding Covid 19 into state action." Doc. 21 at 2.

However, courts that have considered claims against private actors in relation to mask mandates have rejected similar arguments. See Anderson v. United Airlines, Inc., 577 F.Supp.3d 1324, 1334 (M.D. Fla. 2021) (finding plaintiff failed to demonstrate a likelihood of success on his Section 1983 claim because he did not plausibly allege United Airlines was a state actor); Moore v. Volume Services, Inc., No. 21-00493 SOM-KJM, 2022 WL 2307739, at *5 (D. Haw. June 27, 2022) ("VSI's compliance with Hawaii's face covering requirements does not mean that VSI somehow became a state actor by complying with those requirements"); Celauro v. Federal Express Ground, 548 F.Supp.3d 1034, 1039 (D. Colo. 2021) (commenting that "Plaintiff has not brought a claim against a government actor" when plaintiff sued his employer for violating his right to make his own medical decisions through a mask mandate in compliance with governor's executive order); accord Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 616 (4th Cir. 2009) (holding that a federal statute that did not confer on a hospital powers traditionally reserved to the state did not turn the hospital's actions into state action).

### C. Claim under the North Carolina Constitution

Similarly, Defendant argues that Plaintiff's claim brought under the North Carolina Constitution should be dismissed because the North Carolina Constitution also does not provide a private right of action.

"The civil rights guaranteed by the Declaration of Rights in Article I of [the North Carolina] Constitution are individual and personal rights entitled to protection against state action . . . ." Corum v. University of North Carolina Through Bd. Of Governors, 330 N.C. 761, 782 (1992). The North Carolina Supreme Court "has recognized a direct action under the State Constitution against state officials for violation of rights guaranteed by the Declaration of Rights." Id. at 783.

Such a claim, however, may not be made against private entities engaged in private activity. See Teleflex Info. Sys., Inc. v. Arnold, 132 N.C.App. 689, 513 (1999) ("[T]he declaration of rights in [the North Carolina] State Constitution was inserted 'chiefly to protect the individual *from the State.*'") (emphasis added in Arnold) (quoting North Carolina v. Ballance, 229 N.C. 764 (1949)); Freeman v. Duke Power Co., 114 Fed.Appx. 526, 534 (4th Cir. 2004) ("Article I, section 19 is the North Carolina state constitution's equivalent of the federal Constitution's Fourteenth Amendment due process clause. Both provisions protect individuals only against governmental action. Thus,

Freeman has no cognizable action based on the state constitution against his wholly private employer.").

### D. Claim under N.C.G.S. § 130A-157

N.C.G.S. § 130A-157 provides as follows:

> If the bona fide religious beliefs of an adult or the parent, guardian or person in loco parentis of a child are contrary to the immunization requirements contained in this Chapter, the adult or the child shall be exempt from the requirements. Upon submission of a written statement of the bona fide religious beliefs and opposition to the immunization requirements, the person may attend the college, university, school or facility without presenting a certificate of immunization.

Defendant contends that this statute has no application to Defendant, an employer, or to Plaintiff, who is not a child seeking to attend an educational institution. Doc. 15-1 at 8-9. Plaintiff responds that the title of the law indicates that the legislature intended to establish a citizen's right to a religious exemption to state-mandated medical procedures. Doc. 21 at 3.

The undersigned agrees with Defendant that N.C.G.S. § 130A-157 is not applicable to this matter. The statute is titled "religious exemption" but it does not attempt to provide a general or blanket exemption that would apply in all circumstances. See State v. Poteat, 163 N.C.App. 741, 747 (2004) ("[O]ur Supreme Court has stated that 'the language of the title is not permitted to control expressions in the body of a statute that conflict with it'") (quoting State

v. Bell, 184 N.C. 701, 707 (1922)). Rather, the statute appears in Part 2 (Immunization), Article 6 (Communicable Diseases), Chapter 130A (Public Health) of the North Carolina General Statutes and by its terms pertains to religious objections "to the immunization requirements contained in [Chapter 130A]". To the extent that Plaintiff's Complaint can be read as attempting to assert a claim for violation of Plaintiff's rights relative to any vaccines related to Covid 19, he has not identified any "immunization requirements" under Chapter 130A related to those vaccines.

## V. Recommendation

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that Defendant's Partial Motion to Dismiss Plaintiff's Complaint (Doc. 15), be **GRANTED IN PART AND DENIED IN PART** as follows:

1. That the Motion be **DENIED AS MOOT** with respect to Plaintiff's Title VII claim; and

2. That in all other respects the Motion be **GRANTED**, and Plaintiff's claims pursuant to the United States Constitution, the North Carolina Constitution, and North Carolina General Statute § 130A-157 be **DISMISSED**.

Signed: September 13, 2022

W. Carleton Metcalf
United States Magistrate Judge

### Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).