IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00213-MR-WCM

| | | |
|---|---|---|
| MYRON WAYNE BODTKER | ) | |
| | ) | |
| Plaintiff, | ) | MEMORANDUM AND |
| | ) | RECOMMENDATION |
| v. | ) | |
| | ) | |
| WAL-MART INCORPORATED | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint (the "Partial Motion to Dismiss," Doc. 54), which has been referred to the undersigned pursuant to 28 U.S.C. §636 for the entry of a recommendation.

I. Relevant Procedural Background

On August 9, 2021, Myron Wayne Bodtker ("Plaintiff") filed his original Complaint against Wal-Mart, Inc. ("Defendant"). Doc. 1.

On March 15, 2022, Defendant filed a partial motion to dismiss along with a supporting memorandum and an answer. Docs. 15, 15-1, 16.

On September 13, 2022, the undersigned filed a Memorandum recommending that the motion be denied as moot with respect to Plaintiff's Title VII discrimination claim, that the motion be granted in all other respects, and that Plaintiff's claims pursuant to the United States Constitution, the

1

North Carolina Constitution, and North Carolina General Statute § 130A-157 be dismissed. Doc. 33.

On October 31, 2022, the recommendation was accepted by the presiding District Judge. Doc. 35.

On April 13, 2023, Plaintiff filed a proposed Amended Complaint. Doc. 39. To the extent Plaintiff's filing constituted a request for leave to file an amended pleading, the undersigned denied it without prejudice and explained that any amendment must be made pursuant to the Federal Rules of Civil Procedure and the Local Rules, either with Defendant's consent or leave of Court. Doc. 40.

On May 8, 2023, Plaintiff submitted additional materials, including a proposed Amended Complaint and a document entitled "Plaintiff Petitions the Court to Include EEOC Complaint No. 430-2023-00661 in this Pending Civil Case." Doc. 41. Though the filings were not in complete compliance with the applicable Rules, as it did appear that Plaintiff wished to renew his request for leave to file an Amended Complaint, and in light of Plaintiff's status as a pro se litigant, the undersigned construed Plaintiff's filings as being a motion and provided Defendant with an appropriate opportunity to respond. Doc. 42. However, Defendant did not file a response to Plaintiff's request.

On June 14, 2023, the Court conducted an initial pretrial conference. During that conference, the undersigned, by oral Order, granted Plaintiff's

unopposed request to file an Amended Complaint and directed Plaintiff to file a comprehensive Amended Complaint in one complete document by June 23, 2023. A Pretrial Order and Case Management Plan was also entered on June 14, 2023. Doc. 46.

On June 20, 2023, Plaintiff filed a "Motion to Amend Plaintiff's Complaint for Employment Discrimination by the Addition of Doc 39 (Pro-Se 1) (EEOC Charge 430-2023-00661) as a Third Count of Discrimination Against this Plaintiff." Doc. 49.

On June 23, 2023, in light of the Court's prior oral Order, Plaintiff's motion was denied as moot and the Clerk was directed to file Plaintiff's Amended Complaint (Doc. 49-1), along with the accompanying exhibits (Docs. 49-2 through 49-4), as a separate docket entry. Doc. 50. Plaintiff's Amended Complaint, which appears as Document 51 on the record, is now Plaintiff's operative pleading.

On July 10, 2023, Defendant filed the instant Partial Motion to Dismiss along with a supporting memorandum. Docs. 54, 55.[1]

A Roseboro order was entered the following day. Doc. 56.

On July 20, 2023, Plaintiff filed: 1) Plaintiff's Response to Defendant's Memorandum in Support of its Partial Motion to Dismiss Plaintiff's Amended

---

[1] Defendant has not answered to the Amended Complaint.

Complaint (Doc. 57); and 2) a series of additional documents which Plaintiff apparently wished to be filed as attachments to his Amended Complaint (Doc. 58).

On July 28, 2023, Defendant replied. Doc. 59.

## II. Plaintiff's Allegations

Plaintiff began working at Wal-Mart Store 1242 located in Hendersonville, North Carolina "around May 2010." Doc. 51-1 at 2.

Governor Roy Cooper signed an executive order, which took effect on July 1, 2020, that required face coverings in retail stores (the "Executive Order"). Doc. 1-2 at 1.

On June 30, 2020, the day before the Executive Order was scheduled to take effect, Plaintiff submitted a request for a religious exemption to the face covering requirement to the general manager of Defendant's store. Plaintiff submitted a similar request to the "Wal Mart Ethics Hotline." Doc. 1 at 5.

"Wal Mart legal repeatedly denied the plaintiff's claim of religious exemption." Id.

On or before August 12, 2020, Plaintiff filed a charge of religious discrimination, Case 493-2020-01769 ("Charge #1"),[2] with the Equal Employment Opportunity Commission ("EEOC"). Id. On June 2, 2021, the

---

[2] Although Plaintiff refers to Charge #1 as being number 493-2020-01796, the EEOC documentation indicates the correct number is 493-2020-0*1769*. See Doc. 1-1 at 1-2.

4

EEOC issued a Dismissal and Notice of Rights statement for Charge #1. Doc. 51 at 5.

On or about June 16, 2021, Plaintiff filed another "related" charge with the EEOC, Case 430-2021-01728 ("Charge #2"). Doc. 1 at 5. Plaintiff later received a determination and notice of rights letter, dated February 3, 2022, for Charge #2. See Doc. 19.

On June 24, 2021, the EEOC declined Plaintiff's request that to reconsider the dismissal of Charge #1. Doc. 1-1 at 1-2; Doc. 51 at 5.

On October 20, 2022, Defendant terminated Plaintiff's employment. Doc. 51 at 6.

On November 21, 2022, Defendant rehired Plaintiff. Doc. 51-2 at 2.

On April 11, 2023, Plaintiff filed yet another charge with the EEOC, Case 430-2023-00661 ("Charge #3"), this time asserting that he was "retaliated against for being a litigant in a lawsuit…." Doc. 51-2 at 2; see also Doc. 51 at 5. On March 27, 2023, the EEOC issued a Determination and Notice of Rights regarding Charge #3. Doc. 51-2 at 1.

Plaintiff's Amended Complaint attempts to reassert the claims appearing in his original Complaint, and to add a claim for violation of "laws prohibiting employer retaliation against employee." Doc. 51 at 3; Id. at 4 (stating that Plaintiff is complaining of "retaliation by wrongful termination").

## III. Legal Standards

### A. Rule 12(b)(6)

When considering a motion made pursuant to Rule 12(b)(6), the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009).

The court, however, is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 255; see Giacomelli, 588 F.3d at 192. That is, while "detailed factual allegations" are not required, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); accord Consumeraffairs.com, 591 F.3d at 255. In short, the well-pled factual allegations must move a plaintiff's claim from conceivable to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

### B. *Pro Se* Filings

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (internal citation omitted). At the same time, a court is not required to ignore a clear failure to allege facts which set forth a cognizable claim and does not act as a pro se plaintiff's advocate or develop claims that a plaintiff fails to raise. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed."); Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) ("A district court is not required to act as an advocate for a pro se litigant").

### IV. Discussion

#### A. Documents Considered

As noted, during the Initial Pretrial Conference, Plaintiff was instructed to file a comprehensive Amended Complaint in one complete document.[3]

---

[3] Plaintiff's original Complaint referenced Charge #1 and Charge #2, and Plaintiff attached documentation related to Charge #1 to that Complaint. As noted, Plaintiff later received a determination and notice of rights letter relative to Charge #2.

7

Plaintiff did subsequently submit an Amended Complaint with exhibits but, in connection with his opposition to the Motion to Dismiss, Plaintiff submitted yet more documents, including email correspondence from Plaintiff to defense counsel dated December 8, 2022. See Doc. 58-2.

Given that Plaintiff had this information when he submitted his Amended Complaint in June 2023 but did not include it with his Amended Complaint, notwithstanding the undersigned's explicit instruction that Plaintiff file a comprehensive pleading, the undersigned has disregarded this additional information to the extent it attempts to provide further factual allegations. See e.g., So. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing or oral advocacy.").

### B. Previously Dismissed Claims

As Defendant notes, Plaintiff's Amended Complaint continues to reference claims for violations of the "9th and 13th amendments to the United States Constitution," "N.C.G.S. 130A-157" and the "N.C. Constitution," notwithstanding that those claims were previously dismissed. Doc. 51 at 3; Doc. 55 at 3, n. 4; Doc. 35.

---

Although these documents have not been attached to the Amended Complaint, the undersigned has considered these materials for purposes of this memorandum.

Given that these claims were previously dismissed with prejudice, Doc. 35 at 2, and as Plaintiff has made no argument as to why he should now be able to reassert them, they are not addressed in further detail by this Memorandum.

### C. Title VII Retaliation Claim

Through the Partial Motion to Dismiss, Defendant argues that Plaintiff's newly-added a retaliation claim should be dismissed because Plaintiff has failed to plead factual allegations that are sufficient to support such a claim under Title VII. Doc. 55 at 1.[4]

To state a prima facie claim of Title VII retaliation, a plaintiff must allege "facts establishing that he engaged in protected activity, that his employer took an adverse employment action against him, and that there was a causal link between those events." Savage v. Maryland, 896 F.3d 260, 276 (4th Cir. July 13, 2018) (citing Foster v. Univ. of Md.-E. Shore, 787 F.3d 243, 250 (4th Cir. 2015)); see also Pharr v. Willow Ridge Memory Care, No. 3:23-

---

[4] In the context of its prior Partial Motion to Dismiss, Defendant did not seek the dismissal of Plaintiff's Title VII claim to the extent it was based on Charge #1, and subsequently withdrew its request for dismissal to the extent Plaintiff's Title VII claim was based on Charge #2. Doc. 33. With regard to the instant Partial Motion to Dismiss, Defendant does not dispute that Plaintiff timely filed Charge #3, that the EEOC subsequently issued a Dismissal and Notice of Rights as to that charge, and that Plaintiff timely filed his Amended Complaint to include reference to that charge. Doc 55 at 3, n.3. The undersigned understands Defendant's position to be that while it did not challenge Plaintiff's inclusion of his retaliation claim in the Amended Complaint, it does not challenge the merits of that claim.

9

CV-59-RJC-DCK, 2023 WL 4731185, at *2 (W.D.N.C. July 24, 2023); Thomas v. Wilkie, No. 1:18 CV 136, 2019 WL 1212944, at *6 (W.D.N.C. Feb. 22, 2019), *report and recommendation adopted*, No. 1:18-CV-00136-MR-WCM, 2019 WL 1207946 (W.D.N.C. Mar. 14, 2019).

In this case, Defendant contends that Plaintiff's retaliation claim fails to satisfy two of these requirements.

### 1. Protected Activity

In its opening brief, Defendant argues that though Charge #3 states that Plaintiff believes he has been retaliated against "for being a litigant in a lawsuit filed from EEOC [Charge #2]," this allegation does not appear in Plaintiff's Amended Complaint itself and therefore should not be considered. Doc. 55 at 6.

In response, Plaintiff contends that litigating a Title VII discrimination case is a protected activity and that his Amended Complaint cites Charge #3, which itself indicates Plaintiff believes his wrongful termination is linked to this litigation. Doc. 57 at 1.

Specifically in that regard, Plaintiff's Charge #3 stated as follows:

> On October 20, 2022, Wal-Mart fired me claiming that absences I accrued during Sedgwick approved medical disability leave #4A2209P45KD-0001 were unexcused absences due to late return of Sedgwick medical forms. But they fired me during Sedgwick's 30-day grace period for the return of those medical forms. When I returned the required forms, Wal-Mart ignored

10

> general manager Joe Swingle's October 27, 2022, order to reinstate my employment. Mr. Swingle had to resubmit his order to rehire me over on November 9, 2022. Wal-Mart didn't rehire me until November 21, 2022, after I had lost 200 work hours of pay.

Doc. 51-2 at 2.

Later in that document, Plaintiff stated that he believed he has been "retaliated against for being a litigant in a lawsuit filed from EEOC [Charge #2] in violation of Title VII…." Id. at 3.[5]

Given Plaintiff's pro se status, his belief, as referenced in Charge #3, that he was retaliated against for pursuing Charge #2 and this litigation, and references in the materials that were submitted with his Amended Complaint, including a statement in an email message dated November 21, 2022 to Defendant that Plaintiff's "wrongful termination could be construed as retaliation by [Defendant] against [Plaintiff] for [his] suit at law," Doc. 51-3 at 4, the undersigned will not recommend dismissal of Plaintiff's retaliation claim for failure to identify a protected activity. See e.g., McNairn v. Sullivan, 929 F.2d 974, 980 (4th Cir. 1991) (finding that appellant engaged in protected activity by bringing an unlawful employment discrimination lawsuit); Green v. CSX Hotels, Inc., 650 F. Supp. 2d 512, 524 (S.D. W.Va. 2009) ("Protected

---

[5] In a separate copy of Charge #3 submitted in response to the Partial Motion to Dismiss, Plaintiff appears to have inserted a handwritten reference to Charge #1. Doc. 58-1 at 3. However, the copy of Charge #3 that is attached to the Amended Complaint only references Charge #2.

11

activities for purposes of Title VII actions include filing a complaint with the EEOC….) (citing Price v. Thompson, 380 F.3d 209, 212 (4th Cir. 2004)); Monk v. Stuart M. Perry, Inc., No. 2008 WL 2901347, at *2 (W.D. Va. July 18, 2008) ("there is no question that [plaintiff] engaged in protected activity in filing a complaint with the EEOC and a lawsuit in federal court"); Robinson v. Affinia Group, Inc., 815 F.Supp.2d 935, 940 (W.D.N.C. 2011) ("it is undisputed that Plaintiff engaged in protected activity under FLSA by filing his second suit alleging wrongful discharge").

### 2. Causal Connection

Next, Defendant argues that Plaintiff has failed to establish a causal connection between Charge #2 and/or this litigation and his alleged wrongful termination in October 2022. Doc. 55 at 6.

In that regard, Defendant contends that Plaintiff has not asserted that any decision-maker associated with Defendant knew that Plaintiff had engaged in protected activity before Plaintiff was terminated and that the lack of temporal proximity between the filing of Charge #2 (on June 16, 2021) or the filing of this litigation (on August 9, 2021) and his termination (on October 20, 2022) "completely undermines any conceivable causal connection." Id. at 6-7.

In response, Plaintiff points to Defendant's Fourteenth Affirmative Defense, which indicates that Defendant will rely on after-acquired evidence to limit Plaintiff's damages if "dischargeable conduct" by Plaintiff is discovered.

12

Plaintiff appears to argue that this defense confirms retaliation has occurred. Doc. 57 at 2.

Plaintiff's position is not persuasive. Charge #2 was filed in June 2021 (and dismissed by the EEOC in February 2022) but Plaintiff's employment was not terminated until October 2022. Similarly, Plaintiff filed the instant litigation in August 2021, which was more than a year before his employment was terminated in October of 2022.

Consequently, the temporal proximity between the filing of Charge #2 and/or this litigation, and the termination of Plaintiff's employment does not suggest a causal connection between those events. See Penley v. McDowell County Board of Education, 876 F.3d. 646, 656 (explaining that where a plaintiff "rests his case on temporal proximity alone, the temporal proximity must be very close" and finding that the plaintiff could not satisfy the causation prong because an eight-to-nine-month gap between plaintiff's protected speech and the adverse employment action was too distant); Booth v. Maryland, 337 Fed.Appx. 301, 310 (4th Cir. 2009) (per curiam) (concluding that a nine-month lapse was too remote to prove a causal connection alone); Pascual v. Lowe's Home Centers, Inc., 193 Fed. Appx. 229, 233 (4th Cir. 2006) (holding that a three-to-four-month gap between an employer's knowledge of protected activity and the adverse employment action "is too long to establish a causal connection by temporal proximity alone"); see also Thomas v. Wilkie, 2019 WL

1212944, at *6 (W.D.N.C. Feb. 22, 2019), report and recommendation adopted, No. 1:18-CV-00136-MR-WCM, 2019 WL 1207946, at *7 (W.D.N.C. March 14, 2019).

## V. Recommendation

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint (Doc. 54) be **GRANTED**, and that Plaintiff's Title VII retaliation claim, which is based on Charge #3, be **DISMISSED**, such that this matter will continue only with respect to Plaintiff's Title VII discrimination claim, which is based on Charge #1 and #2.

Signed: September 11, 2023

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).