IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00213-MR-WCM

| | |
|---|---|
| MYRON WAYNE BODTKER, ) | |
| ) | |
| Plaintiff, ) | ORDER |
| ) | |
| v. ) | |
| ) | |
| WAL-MART, INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the following motions that have been filed by Plaintiff:

1. "Motion to Suspend Deposition of Plaintiff, Pending Defendant's Complete and Sufficient Compliance with Discovery: Rule 33 & 34" (the "Motion to Suspend," Doc. 64);

2. "Motion to Limit Defense Deposition of Plaintiff on Grounds (Rule 30: (3A) & Motion to be Deposed in Writing (Rule 31)" (the "Motion to Limit," Doc. 65);

3. "Motion to Extend the Time Allotted by the Court for Discovery in this Case" (the "Motion to Extend," Doc. 66);

4. "Motion to Hold Defense Counsel and Defense in Contempt of Court and Compel Them to Comply Fully and Immediately with Federal Rule #33 and Rule #34" (the "Motion for Contempt and to Compel," Doc. 67); and

5. "Plaintiff's Motion for Protective Court Orders Pursuant to Rule of Civil Procedure 26c" (the "Motion for Protective Orders," Doc. 77).

1

A hearing on these Motions, as well as a status conference, was conducted on March 1, 2024. At the conclusion of those proceedings, the undersigned issued oral rulings, which are memorialized by this Order.

## I. Plaintiff's Motions

### A. The Motion to Suspend and The Motion to Limit

By these motions, Plaintiff asks the Court to suspend his deposition until Defendant informs him whether it intends to ask Plaintiff questions about his religious beliefs and/or his work history during his deposition, to require that his deposition be conducted upon written questions, and to prohibit Defendant from making a video recording of his deposition and from asking him "anything personal," including questions about his religious beliefs and practices, his work history, and his job performance.

Defendant is entitled to take Plaintiff's deposition in order to defend against Plaintiff's claims and Plaintiff has not provided a sufficient basis to justify delaying his deposition.

As for the method of recording Plaintiff's deposition, the Federal Rules of Civil Procedure allow Defendant to take Plaintiff's deposition in person and to record his testimony using audiovisual means. See F.R.C.P. 30(b).

Finally, to the extent Plaintiff wishes to preclude Defendant from asking Plaintiff questions regarding his religious beliefs or practices, or his employment, such broad limitations are not warranted given Plaintiff's claim

2

that Defendant unlawfully discriminated against him based on his religious beliefs while he was employed by Defendant. Should Plaintiff have objections to questions asked during his deposition, any such objections can be made and addressed under the Rules in the usual course.[1]

### B. The Motion to Extend

Plaintiff asks the Court to extend the March 4, 2024 deadline for the parties to complete court-enforceable discovery through an unspecified date until after Defendant responds to Plaintiff's written discovery requests. During the hearing, Plaintiff also asserted that an extension of the discovery deadline was appropriate so that he could obtain Defendant's responses to his second and third sets of written discovery and take one or more depositions of Defendant's personnel.

Issues regarding Plaintiff's first set of written discovery requests are addressed in the context of the Motion for Contempt and to Compel, discussed below.

With respect to Plaintiff's second and third sets of written discovery requests, as those requests were served on Defendant less than 30 days prior to the March 4, 2024 deadline for the completion of court-enforceable discovery,

---

[1] Plaintiff is obligated to comply with the Federal Rules of Civil Procedure, this Court's Local Rules, and all Orders entered in this matter, including the Pretrial Order and Case Management Plan (the "Pretrial Order," Doc 46), and the undersigned strongly encourages Plaintiff to review these materials carefully.

3

they are untimely. See Doc. 46 at II(G) ("Counsel are directed to initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery completion deadline so as to comply with this Order. Discovery requests that seek responses or to schedule depositions after the discovery completion deadline are not enforceable except by order of the Court for good cause shown.").

As for Plaintiff's desire to take depositions of Defendant's representatives or employees, defense counsel represented during the hearing that Defendant's initial disclosures were provided to Plaintiff previously and that those disclosures identified three individuals who were likely to have discoverable information. See F.R.C.P. 26(a)(1)(A)(i). Plaintiff confirmed that he received Defendant's initial disclosures. Plaintiff, though, has not attempted to depose the individuals listed or to take a corporate deposition of Defendant's representative(s) under Rule 30(b)(6).

The Pretrial Order was entered in June of 2023 and provided the parties with approximately 8 months to complete their discovery efforts. While the parties remain free to engage in voluntary discovery as described by the Pretrial Order, Plaintiff has not shown good cause to modify the existing March 4, 2024 deadline to complete court-enforceable discovery.

### C. The Motion for Contempt and to Compel

Plaintiff moves to hold counsel for Defendant and Defendant in contempt for Defendant's alleged failure to respond adequately to Plaintiff's written discovery requests. However, the undersigned finds no basis upon which it would be appropriate to hold counsel for Defendant or Defendant in contempt.

Additionally, Plaintiff moves for an Order compelling Defendant to provide responses to Plaintiff's written discovery requests. In that regard, during the hearing Plaintiff indicated he was seeking further information regarding Requests for Production 2, 4, 5, and 6, and Interrogatory 1, all as set forth in his first set of written discovery requests. See Doc. 67-2 at 1-4.

After hearing from the parties, the undersigned granted the Motion in part and directed Defendant to produce certain documents responsive to Request for Production 6.

### D. The Motion for Protective Orders

In this Motion, Plaintiff asks that "the Court grant the Plaintiff Protective Court Order for the reasons and in the manner prescribed in" the Motion to Limit and the Motion to Extend.

For the same reasons that those associated motions were denied, the Motion for Protective Orders is also deficient.

5

## II. The Status Conference

The undersigned also conducted a status conference with the parties on March 1, 2024.

The Pretrial Order directed the parties to conduct a mediated settlement conference by March 20, 2024. Defense counsel advised, however, that Plaintiff has refused to participate in a mediated settlement conference. See also Doc. 76.

The Court took a recess to allow the parties time to contact their designated mediator to discuss his availability for a conference by the original deadline. After hearing further from the parties and in light of the Court's rulings on Plaintiff's various motions, the undersigned briefly extended the deadline for the parties to complete mediation.

**IT IS THEREFORE ORDERED THAT:**

1. The "Motion to Suspend Deposition of Plaintiff, Pending Defendant's Complete and Sufficient Compliance with Discovery: Rule 33 & 34" (Doc. 64) is **DENIED**.

2. The "Motion to Limit Defense Deposition of Plaintiff on Grounds (Rule 30: (3A) & Motion to be Deposed in Writing (Rule 31)" (Doc. 65) is **DENIED**.

3. The "Motion to Extend the Time Allotted by the Court for Discovery in this Case" (Doc. 66) is **DENIED**.

4. The "Motion to Hold Defense Counsel and Defense in Contempt of Court and Compel Them to Comply Fully and Immediately with Federal Rule #33 and Rule #34" (Doc. 67) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    i. On or before the close of business on **March 15, 2024**, Defendant **SHALL PROVIDE** a supplemental response to Plaintiff's Request for Production number 6(b) – 6(e), limited to the time period March 1, 2020 through December 31, 2021. Responsive documents may, if appropriate, be produced subject to the provisions of the parties' Stipulated Protective Order. See Doc. 53.

    ii. In all other respects, including Plaintiff's request that Defendant and defense counsel be held in contempt, the Motion is **DENIED**.

5. "Plaintiff's Motion for Protective Court Orders Pursuant to Rule of Civil Procedure 26c" (Doc. 77) is **DENIED**.

6. The deadline for the parties to complete mediation is **EXTENDED** through and including **March 27, 2024**. All other provisions of the Pretrial Order, including the April 3, 2024 deadline to file dispositive motions, if any, remain in effect.

This 4th day of March, 2024.

_____
W. CARLETON METCALF
UNITED STATES MAGISTRATE JUDGE