## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:21-cv-00213-MR-WCM

| | | |
|---|---|---|
| MYRON WAYNE BODTKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| WAL-MART INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on "Defendant's Motion to Strike Plaintiff's Unauthorized 'Addendum to Plaintiff's Response to Defendant's Memorandum in Support of Its Motion for Summary Judgment'" [Doc. 92].

On April 2, 2024, Defendant filed a motion for summary judgment. [Doc. 85]. On April 9, 2024, the Court entered an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff, who is proceeding *pro se*, of the burden he carries in responding to Defendant's motion, of the types of evidence he can rely upon in defending against this motion, and setting a May 9, 2024, deadline for his response. [See Doc. 88]. This Order was served upon Plaintiff by United States mail. [Id.]. However, on April 10, 2024, the day after the Roseboro Order was entered, Plaintiff filed his response in opposition. [Doc. 89]. Defendant filed its reply on April

17, 2024. [Doc. 90]. The next day, on April 18, 2024, Plaintiff filed his "Addendum to Plaintiff's Response to Defendant's Memorandum in Support of Its Motion for Summary Judgment," which Defendant now moves to strike. [See Docs. 91; 92].

Local Civil Rule 7.1(e) provides that "[s]urreplies are neither anticipated nor allowed . . . but leave of Court may be sought to file a surreply when warranted." Thus, because Plaintiff's addendum is a surreply, for which he did not seek leave to file, Defendant argues it should be stricken. [See Doc. 93 at 2]. However, the Court may, in its discretion, allow a party to file a surreply "when fairness dictates." See Turner v. Griffin, No. 1:17-cv-00334, 2019 WL 3783293, at *1 (W.D.N.C. Aug. 9, 2019) (quoting DiPaulo v. Potter, 733 F. Supp. 2d 666, 670 (M.D.N.C. 2010)). Here, in light of Plaintiff's status as a *pro se* litigant, and, more importantly, the fact that he had likely not yet received the Roseboro Order—which had been mailed the day before— when he filed his initial response, fairness dictates the consideration of Plaintiff's addendum. Therefore, Defendant's motion to strike is denied.

However, to eliminate any prejudice this might pose, the Court will allow Defendant seven days from the entry of this Order to file a reply to Plaintiff's addendum.

# O R D E R

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion to Strike Plaintiff's Unauthorized 'Addendum to Plaintiff's Response to Defendant's Memorandum in Support of Its Motion for Summary Judgment'" [Doc. 92] is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendant shall have seven (7) days from the entry of this Order to file a reply to Plaintiff's "Addendum to Plaintiff's Response to Defendant's Memorandum in Support of Its Motion for Summary Judgment" [Doc. 91].

**IT IS SO ORDERED.**

Signed: April 29, 2024

Martin Reidinger
Chief United States District Judge